FILED
2010 Sep-07 PM 04:01
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **JIM BURKE AUTOMOTIVE, INC.,** dba **JIM BURKE JAGUAR,** | ) ) ) |
| **Plaintiff,** | ) ) |
| vs. | ) CASE NO. 2:10-cv-02207-SLB ) |
| **JAGUAR LAND ROVER NORTH AMERICA, LLC,** | ) ) ) ) |
| **Defendant.** | ) |

## STIPULATION AND ORDER

**WHEREAS**, plaintiff Jim Burke Automotive, Inc. d/b/a Jim Burke Jaguar ("Burke") and defendant Jaguar Land Rover North America, LLC ("Jaguar"), are parties to a "Replacement Dealer Agreement," dated May 12, 2008, which incorporates by reference (i) a "Dealer Agreement" dated November 12, 1991; (ii) "Dealer Agreement Standard Provisions"; and (iii) a Performance Agreement dated July 11, 2001 (collectively, the "Dealer Agreement"); and

**WHEREAS**, on or about August 2, 2010, Burke relocated its Jaguar operations from 2415 7th Avenue South in Birmingham, Alabama to 1301 5th Avenue North, Birmingham, Alabama; and

**WHEREAS**, by letter dated August 6, 2010, Jaguar objected to the relocation and advised Burke, among other things, that it was suspending

1

shipments of Jaguar products to Burke pending Burke's response to the August 6, 2010 letter; and

**WHEREAS**, on or about August 9, 2010, Burke commenced this action in the Circuit Court for Jefferson County, Alabama, filed a complaint (the "Complaint"), obtained a temporary restraining order (the "TRO"), and moved for a preliminary injunction; and

**WHEREAS**, Jaguar removed this case to this Court and filed an answer to the Complaint on August 13, 2010; and

**WHEREAS**, by letter dated August 25, 2010 (the "Notice of Termination"), Jaguar advised Burke of its intention to terminate the Dealer Agreement effective ninety (90) days after Burke's receipt of the Notice of Termination for the reasons stated therein; and

**WHEREAS**, Jaguar contends that Burke is infringing Jaguar's trademarks; and

**WHEREAS**, the parties wish to have their disputes resolved expeditiously and efficiently and to conduct a single trial on permanent injunctive and any other requested relief, rather than devote resources to the preliminary injunction motion and/or conduct separate or duplicative discovery and trial; it is accordingly,

**STIPULATED, AGREED, AND ORDERED THAT:**

1. Burke will amend its Complaint herein by September 15, 2010, to assert any challenge to the Notice of Termination, including but not limited to any challenge under the Alabama Motor Vehicle Franchise Act, Ala. Code §§ 8-20-1 et seq. If Burke does not assert such a challenge as provided in this paragraph, Burke shall be barred from filing any such challenge in any forum and the Dealer Agreement will terminate on November 24, 2010.

2. Jaguar will file an answer to any Amended Complaint filed pursuant to paragraph 1 by no later than 14 days after service thereof. Jaguar's answer shall include any claims for trademark infringement that it claims to have against Burke as of the time of the answer. If Jaguar does not assert its trademark claims in this action by September 29, 2010, in either an amended answer to the existing Complaint, or in its answer to any amended complaint filed by Burke pursuant to paragraph 1 hereof, Jaguar shall be barred from filing any such claims.

3. In order to achieve an expedited resolution of this dispute, the following is agreed:

- Rule 26(a)(1) disclosures shall be made, via electronic and first-class mail, by September 30, 2010. The parties may commence discovery after the initial disclosures are made on September 30, 2010.

- There will be no motions submitted seeking to add any parties.

- If Defendant intends to call any expert witness on any issue on which Defendant has the burden of proof, it shall serve its experts' reports by November 15, 2010.

3

- If Plaintiff intends to call any expert witness, it shall serve its experts' reports by January 10, 2011.

- Defendant shall serve any reply experts' reports by January 31, 2011.

- All documents, including discovery requests and responses and experts' reports and except for documents produced pursuant to Rule 34 requests, shall be served (in addition to any mail service) by telefax or by electronic means or by hand so that the recipient receives it on the same date it is filed of record.

- All discovery, including the depositions of experts, shall be completed by February 15, 2011.

- Any dispositive motions will be served and filed no later than March 18, 2011 and, if no such motions are filed, the case will be deemed trial ready as of that date and the parties request a prompt trial as soon thereafter as possible.

4. Pending a ruling as to the merits of Burke's claims, Burke and Jaguar shall continue to do business with one another pursuant to the terms and conditions of the Dealer Agreement; provided, however, that Burke must comply with the provisions of paragraphs 5-7 hereof with respect to its Jaguar operations at 1301 5th Avenue North and its abandoned dealership facility at 2415 7th Avenue South.

5. Burke shall at all times while operating its Jaguar dealership at 1301 5th Avenue North comply with the requirements of the Jaguar Dealership Guide annexed hereto as Exhibit A.

6. Burke shall at all times while operating at 1301 5th Avenue North dedicate to its Jaguar operations the specific areas of the facility indicated on the facility plan attached hereto as Exhibit B, including but not limited to the areas

indicated for the Jaguar showroom, sales offices, service department, service bays, parts department, and parts storage areas.  Burke has advised Jaguar that certain aspects of "PDI" (*i.e.*, pre-delivery inspection) will be performed at another facility approximately six blocks away but that technical PDI work requiring diagnostic equipment will be performed in the service shop at 1301 5th Avenue North.  Burke agrees to maintain the proper diagnostic equipment authorized by Jaguar for pre-delivery inspection of Jaguar vehicles at the location where the diagnostic work is performed.

       7.    At its own expense, Burke will remove the Jaguar pylon sign, and any other Jaguar signage, from the property at 2415 7th Avenue South by no later than September 30, 2010, and will store the Jaguar pylon sign pending the Court's decision on the merits of this case.  If Burke's termination is upheld in this action, then Burke may return the signage to Jaguar and Jaguar will pay Burke compensation for such signage as required by Ala. Code § 8-20-5(f).  If the Court rejects Burke's termination and upholds Burke's right to relocate, then Burke shall be responsible for the costs of installing the Jaguar pylon sign at the 1301 5th Avenue North facility.

       8.    This Stipulation and Order (i) shall not modify, increase or diminish any of the parties' rights or obligations as they existed prior to their execution hereof, (ii) is without prejudice to Jaguar's position that the Notice of Termination

is valid and that, because of the issuance of the Notice of Termination, Burke has no right to transfer its Jaguar franchise assets, except subject to the Notice of Termination, and (iii) is without prejudice to Burke's position that the Notice of Termination is invalid.  Without limiting the generality of the foregoing, Burke acknowledges that Jaguar has advised Burke that the facility at 1301 5th Avenue North is not an "approved facility" and that Burke does not have an "approved facility plan" as those terms are used in the Business Builder Program rules, and that accordingly Jaguar will not make facility-related Business Builder payments for vehicles sold by Burke after its relocation to 1301 5th Avenue North.  Burke reserves all of its rights with respect to this issue.

9.     Jaguar shall have the right to withdraw its consent to remain in business with Burke on 30 days' written notice to opposing counsel on the ground that Burke has not complied with any obligation set forth in paragraphs 5 through 7 hereof.  In the event that Jaguar provides such notice and Burke has not cured the alleged failure to comply within 15 days of receipt of that notice, Jaguar's agreement to remain in business with Burke pursuant to this Stipulation and Order will be terminated on the 30th day following Burke's receipt of the notice, subject to Burke's right to apply to the Court in the interim for an order requiring Jaguar to remain in business with Burke pending the outcome of this action.  Jaguar also retains the right to petition the Court "for good cause" shown to vacate its

agreement to remain in business with Burke on such shorter notice as the Court may deem just and reasonable, subject to Burke's right to apply to the Court in the interim for an order requiring Jaguar to remain in business with Burke pending the outcome of this action.  This Stipulation and Order shall not prevent Jaguar from issuing any additional notice of termination on any additional grounds that arise or that Jaguar becomes aware of after its execution hereof.  Nothing in this paragraph is intended by either party to affect any rights that they may have may have under Alabama Code 8-20-1, et. Seq. Including, but not limited to Alabama Code 8-20-5(d).

10.    Burke's pending motion for a preliminary injunction is hereby withdrawn without prejudice, and the TRO is hereby vacated and the TRO bond is hereby Ordered to be returned in full to Burke.

11.    The parties jointly request that the Court set this matter for trial at the Court's earliest convenience on or after March 18, 2011.

12.    By signing this Stipulation and Order, neither party admits any allegation, claim or defense made by the other party.

Dated:  September 7, 2010

| GALESE & INGRAM, P.C. | MAYNARD COOPER & GALE, P.C. |
|---|---|

By:/s/ Jeffrey L. Ingram                                           By: /s/ John A. Smyth III                           
   John Martin Galese                                           John A. Smyth III
   Jeffrey L. Ingram

*Attorneys for Plaintiff*                                            *Attorneys for Defendant*
Office and Post Office Address                         1901 Sixth Avenue North
800 Shades Creek Parkway, Suite 300         2400 Regions/Harbert Plaza
Birmingham, Alabama  35209                        Birmingham, Alabama 35203-2618
Telephone:  205-870-0663                             Telephone:  205-254-1029
Facsimile:  205-870-0681                               Facsimile:  205-254-1999


**IT IS SO ORDERED:**

Dated:  September __, 2010
        Birmingham, Alabama


                                                                _____
                                                                UNITED STATES DISTRICT COURT JUDGE